## McLaughlin *versus* McLaughlin.

1. A sheriff sold the land of a debtor to a judgment-creditor, who afterwards conveyed the land to the wife of the debtor. Another creditor whose judgment was prior to that on which the land was sold, subsequently sold and purchased the land on his own judgment, and brought ejectment against the wife therefor. *Held*, that the second sheriff's sale vested no title. *Held, further*, that the title of the defendant was vested in the vendee at the first sheriff's sale, and the sheriff's deed to him not having been contested on the ground of fraud, he had a perfect right to convey to the wife of the debtor, and creditors of the husband could not attack her title.

2. The declarations of a vendor after he has parted with the land cannot be received in evidence to impeach the title of the vendee.

October 27th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Armstrong county :* Of October and November Term 1879, No. 66.

Ejectment by Thomas McLaughlin against Mary McLaughlin, widow of William McLaughlin. Both parties claimed under sheriff's deeds. On the 3d of May 1861, a judgment in favor of J. E. Willis was entered against William McLaughlin, who then owned the land in dispute. An execution issued thereon to June Term 1861, a levy was made on the land, and the writ returned "stayed by plaintiff's attorney." No written order of said attorney was attached to the writ, and no date was mentioned at which said order to stay was given. On the 30th of January 1862, pursuant to the præcipe of Willis's attorney, a certified copy of this fieri facias was issued to the sheriff, upon which he held an inquisition, and the property was condemned, and upon the same day a vend. ex. issued, and the property was sold to Willis, the plaintiff in the writ. At the time of the sale William McLaughlin was in possession of the land, and by a written lease thereafter became the tenant of Willis until the death of McLaughlin in 1864. After his death his wife, the defendant in this action, became the tenant of Willis, until 1869, when with her own means she purchased the land and received from Willis a deed therefor. On the 21st of March 1861, a judgment was entered against William McLaughlin in favor of John Hildenger, for use of Thomas McLaughlin. Upon this judgment a fi. fa. issued, and the sheriff levied on the land in dispute. An inquisition was held, the property condemned, a vend. ex. issued, and the land sold to Thomas McLaughlin, the plaintiff in this action. At this sale, and before the same, Willis gave notice

[McLaughlin *v.* McLaughlin.]

of his title. Thomas McLaughlin brought a former action for this land, and in April 1877, obtained a verdict therefor. A new trial was awarded, and plaintiff secured a second verdict in his favor. Judgment was entered on this verdict, and the land delivered to plaintiff by the sheriff. The defendant sued out a writ of error, and in 1878 the Supreme Court reversed the judgment of the court below, and awarded a *venire facias de novo.* (See report of case in 4 Norris 317.) In February 1878, a writ of restitution was awarded, and the property returned by the sheriff to defendant.

At a new trial before Taylor, P. J., of the Twenty-eighth Judicial District, various offers of evidence were rejected by the court, who in the general charge, inter alia, said:

" We instruct you that the first sale by the sheriff vested in the purchaser, Willis, a good title to the land. The prior judgment was entitled to the purchase-money, but the sale to Willis being the first in point of time vested the title in him, unless that sale be attacked for fraud or some other cause of which we have seen but little evidence.

" The plaintiff asks us to instruct you that, if the jury believe from the evidence that the original purchase of the land in dispute was made by William McLaughlin from Willis, and $100 paid upon it, and that a deed was afterward made to the wife of William McLaughlin, the present defendant, in order to hinder, delay or defraud the creditors of William McLaughlin, in that event the deed is void, notwithstanding the defendant may have paid the balance of the purchase-money, and the verdict of the jury should be for the plaintiff.

" This point, as made, answered in the negative.

" The deed from Willis to the defendant, Mary McLaughlin, has been attacked by the plaintiff upon the ground of fraud. It is true, as a proposition of law, that if this deed was executed with the intent to hinder, delay or defraud the creditors of William McLaughlin, including Thomas McLaughlin, the plaintiff, as alleged upon his part, it would be void as against the interest intended to be defrauded, but it does not necessarily follow that the plaintiff is entitled to recover. The plaintiff in an action of ejectment must recover, if at all, upon the strength of his own title, and not upon the weakness of the defendant.

" The question of fraud in the inception of the title of Mary McLaughlin, has little to do with the moulding of your verdict under the evidence in the cause, in our view of the law.

" We instruct you, if you find that the sheriff's sale under which the defendant claims, was an honest one, not tainted with fraud, it vested a good title in Willis, and your verdict should be for defendant."

The verdict was for defendant, and after judgment plaintiff took this writ and alleged that the court erred in rejecting his offers of evidence, and in charging as above.

[McLaughlin *v.* McLaughlin.]

*E. S. Golden*, for plaintiff in error.—The importance of the question, to wit, the validity of the sheriff's sale to Willis, passed upon by this court in McLaughlin *v.* McLaughlin, 4 Norris 317, with two judges absent, is our apology for raising it anew. We do not propose to elaborate the point, but invite the court to a review of the case upon the arguments and the opinion of McDermitt, P. J., as reported in that case.

It will not be doubted that it was competent for Thomas McLaughlin to show that after Willis had purchased the land in dispute it had been repurchased by William McLaughlin, the original defendant, before the entry of the judgment under which the plaintiff in error claims. This for two purposes: 1. To show that the lien of the plaintiff's judgment attached to the equity residing in William McLaughlin, in virtue of his purchase from Willis. 2. To show that the conveyance made to Mary McLaughlin was simply held in trust for the purchase of William McLaughlin's title. And 3. That the conveyance thus made, if done to defeat the creditors of William McLaughlin and the purchaser of his estate, was fraudulent and void.

There is no doubt but that the facts alleged could be proved by parol. The court, however, refused to allow the evidence, mainly upon the ground that the declarations of Willis were prior to the conveyance to McLaughlin, involving in the assumption itself the fact that Mary McLaughlin was a bona fide purchaser for value. This was the very question in dispute.

*J. Gilpin*, for defendant in error.—We think it unnecessary to cite authorities in support of the fixed principle, that a vendor's declarations, made after he has sold, cannot be given in evidence to impeach the title of his vendee. Willis's declarations made in 1867, more than two years after he sold to the present defendant, were offered to be proved. There was no proof or offer to prove by any competent evidence that Willis ever sold the land to any one prior to 1865, when he articled with this defendant. The purchase by the wife could not be in trust for her husband, William McLaughlin, for he was then in his grave.

But suppose we admit the alleged sale by Willis to Mary McLaughlin was fraudulent. Is the plaintiff entitled even then to recover? Is there not left, even with such an admission, a perfect outstanding title in Willis, which would defeat the present action? It will be observed that the plaintiff does not assert that the sheriff's sale which vested title in Willis was fraudulent.

The judgment of the Supreme Court was entered, November 10th 1879,

PER CURIAM.—When this case was before this court on a former writ of error (4 Norris 317), it was held that the first sheriff's sale to J. E. Willis vested the title in him, and we are not disposed

[McLaughlin v. McLaughlin.]

to disturb that ruling.  Willis afterwards sold and conveyed to Mary McLaughlin, the defendant, the premises; and the contention in the court below was that this deed was fraudulent because intended to hinder and delay the creditors of her husband, William McLaughlin.  But the deed to Willis was not contested on that ground, and if the title was in him absolutely, he had a perfect right to make a gift to Mary McLaughlin, and the creditors of her husband could not attack her title.  All the title of William McLaughlin was divested by the first sheriff's sale.  The proceedings upon the judgment against William McLaughlin, and the sale upon that subsequent to the deed to Willis, could vest no title in the plaintiff.  We find no error in the rulings of the learned court below upon questions of evidence.  Surely the declarations of a vendor, after he has parted with the land, cannot be received to impeach the title of his vendee.

Judgment affirmed.